Gregory Markow (State Bar No. 216748)
gmarkow@cgs3.com
Crosbie Gliner Schiffman Southard & Swanson LLP (CGS₃)
12750 High Bluff Dr., Suite 250
San Diego, California 92130
Telephone: (858) 367-7676

David Berten (IL Bar # 6200898) (to be admitted *Pro Hac Vice*)
dberten@giplg.com
Alison Aubry Richards (IL Bar # 6285669) (to be admitted *Pro Hac Vice*)
arichards@giplg.com
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
Telephone: (312) 241-1500

*Attorneys for Plaintiff NuCurrent, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUCURRENT, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SARIANA LLC<br>(Satechi)<br><br>        Defendant. | Case No. **'25 CV0912 DMS VET**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND JURY TRIAL DEMANDED** |

COMPLAINT

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, against Defendant Sariana LLC ("Sariana" or "Defendant") that relates to two U.S. patents owned by NuCurrent, Inc.: U.S. Patent Nos. 12,184,084 and 12,272,970 (collectively, the "Patents-in-Suit"). Since April 2024, NuCurrent has provided repeated notices to Defendant that its Qi2 chargers infringe NuCurrent's patents and NuCurrent has repeatedly offered Defendant a Qi2 patent license on RAND terms, consistent with the RAND royalty rates set by NuCurrent's many other Qi2 licensees. Defendant has declined to respond or take a Qi2 patent license, instead continuing to use the inventions claimed in NuCurrent's patents without any compensation to NuCurrent.

## THE PARTIES

1.      Plaintiff NuCurrent, Inc. ("NuCurrent") is a corporation under the laws of the State of Illinois, with an office at 641 W. Lake St., Suite 304, Chicago, IL 60661.

2.      Since its founding at Northwestern University in 2009, NuCurrent has been a pioneer in the field of wireless charging technologies and has received numerous awards in recognition of its technologies.

3.      In cooperation with its manufacturing partners, millions of NuCurre- developed and licensed products have been sold around the world under leading brands.

4.      NuCurrent is a Chicago-based company specializing in wireless charging solutions and high-efficiency antenna design. NuCurrent's focus is the next revolution in consumer electronics: wireless power supply, a budding technology sector.

COMPLAINT

5.    NuCurrent has established itself as a leader in this nascent industry, having received such accolades as being named one of the Top 50 Influencers in Wireless Power in 2013, a Chicago Innovations Awards Finalist in 2014, 2015, and 2017, #1 on Crain's Chicago Business Eureka Index 2015 for most innovative companies in Illinois, and inclusion on prestigious national lists like Fast Company's Most Innovative Companies list and Deloitte's Fast 500 list.

6.    Today, NuCurrent's business partners and customers include numerous Fortune 500 companies and global suppliers of electrical components.

7.    Industry groups, both local and worldwide, recognized NuCurrent's successes and its immense potential. Awards include:

- 2023 Fast Company's World's Most Innovative Companies
- 2023 Deloitte Technology Fast 500 Winner
- 2023 Crain's Most Innovative Companies List
- 2018 Fourth Revolution Awards Finalist (Product Design of the Year)
- 2018 ITA CityLIGHTS Awards Finalist (CEO of the Year)
- 2017 IoT Breakthrough Awards Winner
- 2017 Fourth Revolution Awards Finalist (Product Design of the Year)
- 2017 ITA CityLIGHTS Awards Finalist (Industry Disrupter)
- 2017 Timmy Awards Finalist (Best Technology Work Culture)
- 2017 Chicago Innovation Awards Finalist
- 2016 IoT Breakthrough Awards Winner
- 2016 Chicago Innovation 50 on Fire Winner
- Finalist for two 2016 ITA CityLIGHTS Awards
- Chicago Innovation's 16 Chicago Startups to Watch in 2016
- 2015 Chicago Innovation Awards Winner (Up-and-Comer Award)
- Named No. 1 on the 2015 Crain's Chicago Business Eureka Index

2

COMPLAINT

- Listed as one of top companies in patent quality score by Crain's Chicago;
- Finalist for two 2015 ITA CityLIGHTS Awards
- Chicago Innovation's 2015 10 Chicago Startups We're Watching This Summer
- 2014 Chicago Innovation Awards Finalist

8.      NuCurrent continues its relentless innovation to this day. The company employs many engineers and salespeople, has worked with and for some of the largest technology companies in the world, and was recently recognized as one of the top 10 most innovative companies in electronics by Fast Company magazine.

9.      Defendant Sariana LLC is a California limited liability company with an office at 7365 Mission Gorge Road, Suite G, San Diego, California 92120.

10.      Sariana LLC's registered agent within the State of California is Mustafa Burak Guclu, 7365 Mission Gorge Road, Suite G San Diego, CA 92120.

## JURISDICTION AND VENUE

11.      This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and more particularly 35 U.S.C. § 271.

12.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

13.      Sariana is subject to this Court's general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, Cal. Code Civ. Proc § 410.10, due at least to its substantial business conducted in this District, including: (i) having its principal place of business in this District (ii)being registered to do business in the State

COMPLAINT

of California, having solicited business in the State of California, transacted business within the State of California and attempted to derive financial benefit from residents of the State of California in this District, including benefits directly related to the instant patent infringement causes of action set forth herein; (iii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in California and in this District.

14.    Sariana, directly and/or through subsidiaries and agents (including distributors, retailers, and others), makes, imports, ships, distributes, offers for sale, sells, uses, and advertises (including offering products and services through its website as well as other retailers) its products and/or services in the United States, the State of California and the Southern District of California.

15.    Sariana, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Southern District of California. These infringing products and/or services have been and continue to be purchased and used by consumers in the Southern District of California. Sariana has committed acts of patent infringement within the State of California and, more particularly, within the Southern District of California.

16.    This Court's exercise of personal jurisdiction over Sariana is consistent with the California Long Arm Statute, Cal. Code Civ. Proc § 410.10, and traditional notions of

COMPLAINT

fair play and substantial justice.

17.    Venue is proper in this District under §1400 (b), which provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Venue is proper as to Defendant Sariana LLC, because it has a regular and established place of business in this District at 7365 Mission Gorge Road, Suite G, San Diego, CA 92120.

## BACKGROUND FACTS REGARDING THE NUCURRENT PATENTS

18.    NuCurrent is the owner of record and assignee of each of the Patents-in-Suit.

19.    NuCurrent has the exclusive right to sue and the exclusive right to recover damages for infringement of the Patents-in-Suit during all relevant time periods.

20.    On December 31, 2024, U.S. Patent 12,184,084 entitled "Systems and methods for dynamically tuning a wireless power transfer system" was duly and legally issued by the USPTO.

21.    On April 8, 2025, U.S. Patent 12,272,970 entitled "Operating Frequency Based Power References Cited Level Altering In Extended Range Wireless Power Transmitters" was duly and legally issued by the USPTO.

22.    Additional NuCurrent continuation patents related to Qi2 products are pending.

## DEFENDANT'S INFRINGING Qi2 PRODUCTS

23.    Several Qi2 chargers are sold under the Satechi name on Amazon.com,

COMPLAINT

including:

- Satechi 2 in 1 Wireless Charger, Qi2 15W Dual Wireless Charger Stand, Magnetic, Foldable Travel Charger Station for iPhone 16/15/14/13/12, and AirPods Pro/3/2, ASIN B0D234Z86W
- Satechi Qi2 Wireless Car Charger, Travel Friendly Car Phone Mount Charger for Air Vents, 15W Fast Car Charger, Compatible with iPhone Series 12, 13, 14, 15, and 16, ASIN B0D6TYXCDL
- Satechi Qi2 Trio Wireless Charging Pad, 3 in 1 Wireless Charging Station, Qi2 15W Fast Charger for iPhone 16/15/14/13/12, AirPods and Apple Watch, ASIN B0DJFPT7S1
- Satechi 3 in 1 Wireless Charging Station, Qi2 15W Magnetic, Foldable Travel Charger Station for iPhone 16/15/14/13/12, Apple Watch Series 8/7/SE/6/5/Ultra and AirPods Pro/3/2, ASIN B0D283DDX4

24.    On Amazon, the "detailed seller information" for these products identifies "SARIANA LLC."

25.    Satechi.net also sells four Qi2 chargers:

a.  3-in-1 Foldable Qi2 Wireless Charging Stand
b.  Qi2 Trio Wireless Charging Pad
c.  2-in-1 Foldable Qi2 Wireless Charging Stand
d.  Qi2 Wireless Car Charger

26.    Satechi.net states that (a) and (b) are "best sellers."

27.    Best Buy also sells the "Satechi - Wireless Qi2 Car Charger for iPhone - Space Gray," Model: ST-Q2CCM, SKU: 6587863 and the "Satechi - 3-in-1 Foldable Qi2 Wireless Charging Stand for iPhone, Apple Watch, and AirPods - Space Gray" Model:ST-Q31FM-EA, SKU:6579864.

28.    Walmart also sells the Satechi QI2 Trio Wireless Charging Pad.

COMPLAINT

29.    Ubreakifix by Asurion also sells Satechi Qi2 chargers.

30.    B&H Photo Video Audio also sells Satechi Qi2 chargers.

31.    Adorama also sells Satechi Qi2 chargers.

32.    Connection.com also sells Satechi Qi2 chargers.

33.    Defendant Sariana LLC has registered three wordmarks for "Satechi" at the USPTO.

34.    The Wireless Power Consortium ("WPC") product database currently lists 9 Satechi products as Qi2 compliant:



| Qi-ID | Brand Name | Product Name | Manufacturer Part Number | Version | Picture |
|---|---|---|---|---|---|
| 23972 | SATECHI | OntheGO Power Bank | ST-B10Q2SK, ST-B10Q2SL, ST-B10Q2SB ST-B10Q2SR, ST-B10Q2SW | 2.0.0 | |
| 23973 | SATECHI | OntheGO Power Bank | ST-B5Q2SK, ST-B5Q2SL, ST-B5Q2SB, ST-B5Q2SR, ST-B5Q2SW | 2.0.1 | |
| 23597 | SATECHI | OntheGo 3-in-1 Charger | ST-QTG31K,ST-QTG31W,ST-QTG31R,ST-QTG31B, ST-QTG31L | 2.0.1 | |
| 23605 | SATECHI | OntheGo 2-in-1 Charger | ST-QTG21K,ST-QTG21W,ST-QTG21R,ST-QTG21B,ST-QTG21L | 2.0.1 | |
| 22052 | SATECHI | Qi2 Trio Wireless Charging Pad | ST-QTPM-EA,ST-QTPK,ST-QTPK-EA,ST-QTPS,ST-QTPS-EA,ST-QTPM-AP | 2.0.0 | |
| 21395 | Satechi | 3-IN-1 FOLDABLE QI2 WIRELESS CHARGING STAND | ST-Q31FM-AP | 2.0.0 | |
| 20569 | Satechi | 2-IN-1 FOLDABLE QI2 WIRELESS CHARGING STAND | ST-Q21FM | 2.0.0 | |
| 21214 | SATECHI | Qi2 Wireless Car Charger | ST-Q2CCM | 2.0.0 | |
| 20567 | Satechi | 3-IN-1 FOLDABLE QI2 WIRELESS CHARGING STAND | ST-Q31FM-EA | 2.0.0 | |

35.    Sariana makes, uses, imports, sells and offers for sale accessories for mobile devices, including products that wirelessly charge a mobile device's battery in compliance with the Qi2 Specification of the Wireless Power Consortium ("WPC"), including each Satechi Qi2 product sold on Amazon, at Walmart, at Best Buy, at Satechi.net, through Ubreakifix by Asurion, through B&H Photo Video Audio, through Adorama, through Connection.com or through any other sales or distribution channel

7

("Accused Sariana Qi2 Wireless Chargers.")

36.     Sariana has been, and now is, directly infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing the below Accused Sariana Qi2 Wireless Chargers in this District and elsewhere in the United States that comprise the devices and/or systems claimed in the Patents-in-Suit.

37.     One of Defendant's Qi2 chargers appears as follows:



38.     Product packaging for one of Defendant's chargers is:

COMPLAINT



39.    Defendant's product packaging also includes a brochure as follows:



## DEFENDANT'S KNOWLEDGE OF THE PATENTS-IN-SUIT AND CONTINUED INFRINGEMENT DESPITE THAT KNOWLEDGE

40.    Despite Sariana's awareness of the Patents-in-Suit, Sariana has and

continues to make, use, sell, import, and/or offer for sale the Accused Sariana Qi2

Wireless Chargers that meet each and every limitation of the infringed claims of the

Patents-in-Suit.

41.    On April 30, 2024, counsel for NuCurrent e-mailed and sent by USPS a

letter to Sariana LLC D/B/A Satechi informing Defendant Sariana of NuCurrent's

patents, and how Defendant's wireless power solutions utilizing and complied with the

COMPLAINT

Qi 2 Specification infringed NuCurrent's patents. Exhibit A. The letter, with exhibits, was 546 pages. Defendant has been aware of NuCurrent's patents since at least the April 30, 2024 email. USPS confirmed that the letter was also delivered to Sariana on May 2, 2024. Id.

42.    Sariana did not respond.

43.    On January 27, 2025, NuCurrent sent Sariana the email attached as Exhibit B. That January 27, 2025 email identified both patents at issue in this case and provided legal notice to Sariana of its infringement.

44.    Attached to the January 27, 2025 email, NuCurrent provided the USPTO's Notice of Allowance for, and the allowed claims for, U.S. Patent application 18/953,887. The claims have now issued as U.S. Patent 12,272,970.

45.    Sariana did not respond to the January 27, 2025 email.

46.    On February 20, 2025, NuCurrent sent Sariana the email attached as Exhibit C.

47.    Sariana did not respond.

48.    This Complaint serves as additional notice to Sariana of the Patents-in-Suit.

49.    Despite receiving no fewer than three notices of infringement of NuCurrent's standard-essential Qi2 patents, Defendant has refused to respond, acknowledge, or engage in any discussion—exemplifying classic hold-out behavior that has left NuCurrent with no choice but to pursue litigation to protect its rights and ensure fair compensation.

COMPLAINT

## COUNT I: INFRINGEMENT OF U.S. PATENT 12,184,084

50.    NuCurrent incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

51.    NuCurrent also incorporates by reference the claim chart attached as Exhibit D.

52.    Sariana directly infringes claims 1, 6, 7, 8, 9, 10, 11, 12, 13, 21 and 22 of the '084 Patent by importing, making, selling, offering to sell, and/or using the Accused Sariana Qi2 Wireless Chargers.

53.    Sariana makes, uses, and/or imports the Accused Sariana Qi2 Wireless Chargers knowing that Sariana infringed and continues to infringe at least claims 1, 6, 7, 8, 9, 10, 11, 12, 13, 21 and 22 of the '084 Patent under 35 U.S.C. § 271(a) directly.

54.    As a direct and proximate result of Sariana's acts of patent infringement, NuCurrent has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT II: INFRINGEMENT OF U.S. PATENT 12,272,970

55.    NuCurrent incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

56.    NuCurrent also incorporates by reference the claim chart attached as Exhibit E.

57.    Sariana directly infringes claims 1, 3, 4, 5, 6, 7, 11, 12, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25 of the '970 Patent by making, selling, offering to sell, and/or using the

COMPLAINT

Accused Sariana Qi2 Wireless Chargers.

58.    Sariana makes, uses, and/or imports the Accused Sariana Qi2 Wireless Chargers knowing that Sariana infringed and continues to infringe at least claims 1, 3, 4, 5, 6, 7, 11, 12, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25 of the '970 patent under 35 U.S.C. § 271(a) directly.

59.    As a direct and proximate result of Sariana's acts of patent infringement, NuCurrent has been and continues to be injured, and has sustained and will continue to sustain damages.

## **WILLFUL INFRINGEMENT**

60.    Sariana has infringed and continues to infringe the above identified claims of each of the Patents-in-Suit despite its knowledge of the Patents-in-Suit and its knowledge that at least the Accused Sariana Qi2 Wireless Chargers, were and are using the patented technology and the objectively high likelihood that its acts constitute patent infringement.

61.    Sariana's infringement of the Patents-in-Suit is willful and deliberate, and its actions constitute egregious misconduct, including refusing to take a license, refusing to negotiate in good faith, and having knowledge of the patents-in-suit and notice of the infringement but having no reasonable factual basis for non-infringement or invalidity. This willful misconduct by Sariana entitles NuCurrent to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **JURY DEMAND**

COMPLAINT

NuCurrent demands a trial by jury on all issues that may be so tried.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NuCurrent requests that this Court enter judgment in its favor and against Sariana as follows:

A.     Adjudging, finding, and declaring that Sariana has infringed of the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B.     Adjudging, finding, and declaring that the Patents-in-Suit are valid and enforceable;

C.     Awarding the past and future damages arising out of Sariana's infringement of the Patents-in-Suit to NuCurrent in an amount no less than the RAND royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

D.     Adjudging, finding, and declaring that Sariana's infringement is willful and awarding enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

E.     Adjudging, finding, and declaring that this is an exceptional case pursuant to 35 U.S.C. § 285;

F.     Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

G.     Granting NuCurrent such other further relief as is just and proper, or as the Court deems appropriate.

13

COMPLAINT

1

2    Dated: April 17, 2025                    Respectfully submitted,

3                                             */s/ Gregory Markow*

4                                             Gregory Markow (State Bar No. 216748)
                                              gmarkow@cgs3.com
5                                             Crosbie Gliner Schiffman Southard &
                                              Swanson LLP (CGS$_3$)
6                                             12750 High Bluff Dr., Suite 250
7                                             San Diego, California 92130
                                              Telephone: (858) 367-7676
8

9                                             David Berten
                                              IL Bar # 6200898
10                                            dberten@giplg.com
11                                            Alison Aubry Richards
                                              IL Bar # 6285669
12                                            arichards@giplg.com
13                                            Global IP Law Group, LLC
                                              55 West Monroe Street, Suite 3400
14                                            Chicago, IL 60603
15                                            Telephone: (312) 241-1500

16                                            *Attorneys for Plaintiff NuCurrent, Inc.*
17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT