Madelyn McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Aaron P. Pirouznia (*pro hac vice*)
pirouznia@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Counsel for Defendant
SARIANA LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| NUCURRENT, INC,<br><br>Plaintiff,<br><br>v.<br><br>SARIANA LLC,<br><br>Defendant. | Case No. 3:25-CV-00912-DMS-VET<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Judge: Judge Dana M. Sabraw<br>Action Filed: April 17, 2025 |

Defendant Sariana LLC's ("Sariana" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff NuCurrent, Inc.'s ("Plaintiff" or "NuCurrent") Complaint for Patent Infringement ("Complaint"). Sariana denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs. As explained further herein, Defendant disputes that it infringes the Asserted Patents, disputes that the Asserted Patents are valid, and disputes that the license rates demanded by NuCurrent are RAND.

**THE PARTIES**

1. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 1 and, on that basis, denies all such allegations.

2. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 2 and, on that basis, denies all such allegations.

3. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 3 and, on that basis, denies all such allegations.

4. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 4 and, on that basis, denies all such allegations.

5. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 5 and, on that basis, denies all such allegations.

6. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 6 and, on that basis, denies all such allegations.

7. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 7 and, on that basis, denies all such allegations.

8. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 8 and, on that basis, denies all such allegations.

9. Admitted.

10. Admitted.

## JURISDICTION AND VENUE

11. Sariana admits that the Complaint purports to allege an action for patent infringement under 35 U.S.C. § 1, *et seq*.

12. Sariana admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Sariana does not contest whether personal jurisdiction over it properly lies in this District for the purposes of this action, but Sariana denies it has committed any infringing acts in this District and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 13 of the Complaint.

14. Denied.

15. Sariana does not contest whether personal jurisdiction over it properly lies in this District for the purposes of this action, but Sariana denies it has committed any infringing acts in this District and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 15 of the Complaint.

16. Sariana does not contest whether personal jurisdiction over it properly lies in this District for the purposes of this action.

17. Sariana does not contest the propriety of venue for this action.

**BACKGROUND FACTS REGARDING THE NUCURRENT PATENTS**

18. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 18 and, on that basis, denies all such allegations.

19. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 19 and, on that basis, denies all such allegations.

20. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 20 and, on that basis, denies all such allegations.

21. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 21 and, on that basis, denies all such allegations.

22. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 22 and, on that basis, denies all such allegations.

**DEFENDANT'S [ALLEGED] INFRINGING QI2 PRODUCTS**

23. Sariana admits that it sells the four products listed in Paragraph 23 of the Complaint under the Satechi name on Amazon.com. Sariana denies the four listed products infringe U.S. Patent Nos. 12,184,084 ("'084 Patent") or 12,272,970 ("'970 Patent") and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 23 of the Complaint.

24. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 24, as it is unclear what "detailed seller information" is being referred to, and, on that basis, denies all such allegations.

25. Sariana admits that Satechi.net sells the four listed in Paragraph 25 of the Complaint. Sariana denies the four listed products infringe the ’084 Patent or the ’970 Patent and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 25 of the Complaint.

26. Sariana admits that Satechi.net lists the “3-in-1 Foldable Qi2 Wireless Charging Stand” and “Qi2 Trio Wireless Charging Pad” as “best sellers.” Sariana denies either product infringes the ’084 Patent or the ’970 Patent and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 26 of the Complaint.

27. Sariana admits that Best Buy sells the “Wireless Qi2 Car Charger for iPhone” and the “3-in-1 Foldable Qi2 Wireless Charging Stand.” Sariana denies either product infringes the ’084 Patent or the ’970 Patent and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 27 of the Complaint.

28. Sariana admits that Walmart sells the “Satechi Qi2 Trio Wireless Charging Pad.” Sariana denies the “Satechi Qi2 Trio Wireless Charging Pad” infringes the ’084 Patent or the ’970 Patent and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 28 of the Complaint.

29. Sariana admits that Ubreakifix by Asurion sells Satechi Qi2 chargers. Sariana denies that any Satechi Qi2 chargers infringe the ’084 Patent and the ’970 Patent and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 29 of the Complaint.

30. Sariana admits that B&H Photo Video Audio sells Satechi Qi2 chargers. Sariana denies that any Satechi Qi2 chargers infringe the ’084 Patent and the ’970 Patent and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 30 of the Complaint.

31. Sariana admits that Adorama sells Satechi Qi2 chargers. Sariana denies that any Satechi Qi2 chargers infringe the ’084 Patent and the ’970 Patent and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 31 of the Complaint.

32. Sariana admits that Connection.com sells Satechi Qi2 chargers. Sariana denies that any Satechi Qi2 chargers infringe the ’084 Patent and the ’970 Patent and denies that NuCurrent is entitled to any relief. Sariana denies the remaining allegations in Paragraph 32 of the Complaint.

33. Admitted.

34. Admitted.

35. Sariana admits that it uses, sells and offers for sale accessories for mobile devices, including products that wirelessly charge a mobile device’s battery in compliance with the Qi2 Specification of the Wireless Power Consortium (“WPC”). Sariana further admits that it utilizes brokers to import such products. Sariana denies that it makes such products. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in Paragraph 24, as it is unclear what “other sales or distribution channel” is being referred to, and, on that basis, denies all such allegations.

36. Denied.

37. Admitted.

38. Admitted.

39. Admitted.

**DEFENDANT’S [ALLEGED] KNOWLEDGE OF THE PATENTS-IN-SUIT AND [ALLEGED] CONTINUED INFRINGEMENT DESPITE THAT KNOWLEDGE**

40. Denied.

41. Sariana denies that it has been aware of NuCurrent's patents since April 30, 2024. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in Paragraph 41 and, on that basis, denies all such allegations.

42. Sariana did not any USPS correspondence from NuCurrent dated April 30, 2024 and did receive in its inbox an email from NuCurrent on April 30, 2024, and for that reason, Sariana denies it had anything to respond to.

43. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 43 and, on that basis, denies all such allegations.

44. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 44 and, on that basis, denies all such allegations.

45. Sariana did not receive in its inbox an email from NuCurrent on January 27, 2025, and for that reason, Sariana denies it had anything to respond to.

46. Sariana is without knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 46 and, on that basis, denies all such allegations.

47. Sariana did not receive in its inbox an email from NuCurrent on February 20, 2025, and for that reason, Sariana denies it had anything to respond to.

48. Paragraph 48 of the Complaint does not contain any allegations to which a response is required. To the extent Paragraph 48 contains any allegations, Sariana denies the allegations in Paragraph 48 of the Complaint.

49. Denied.

**COUNT I:**

**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 12,184,084**

50. Sariana incorporates by reference as if fully set forth herein its Answers to the preceding paragraphs as if set forth fully herein.

51. Paragraph 51 of the Complaint does not contain any allegations to which a response is required. To the extent Paragraph 51 contains any allegations, Sariana denies the allegations in Paragraph 51 of the Complaint.

52. Denied.

53. Denied.

54. Denied.

**COUNT II**

**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 12,272,970**

55. Sariana incorporates by reference as if fully set forth herein its Answers to the preceding paragraphs as if set forth fully herein.

56. Paragraph 56 of the Complaint does not contain any allegations to which a response is required. To the extent Paragraph 56 contains any allegations, Sariana denies the allegations in Paragraph 56 of the Complaint.

57. Denied.

58. Denied.

59. Denied.

**[ALLEGED] WILLFUL INFRINGEMENT**

60. Denied.

61. Denied.

**JURY DEMAND**

This section of the Complaint sets forth NuCurrent’s demand for a jury trial, to which no response is required. In accordance with Federal Rule of Civil Procedure 38(b), Sariana similarly demands a trial by jury on all issues so triable.

## [PLAINTIFF'S] PRAYER FOR RELIEF

This section of the Complaint sets forth NuCurrent's requested relief, to which no response is required. Sariana denies that NuCurrent is entitled to any relief requested in any of Paragraphs A–G of the Prayer section of the Complaint or otherwise and enter judgment in favor of Sariana on all claims and award Sariana its costs and reasonable attorney fees and any further relief the Court deems appropriate. To the extent any statement in that section is deemed to include any factual allegations, Sariana denies such allegations.

## AFFIRMATIVE DEFENSES

Sariana pleads the following affirmative defenses to the allegations in NuCurrent's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Sariana has not directly infringed, indirectly infringed, induced infringement, or contributed to infringement of any valid or enforceable claim of any of the Patents-in-Suit, and Sariana has not otherwise committed acts in violation of 35 U.S.C. § 271 or any other theory of infringement (e.g., the judicially created doctrine of equivalents).

### SECOND AFFIRMATIVE DEFENSE

On information and belief, and subject to further discovery, each of the Patents-in-Suit is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, or any other applicably statutory provisions of Title 35 of the United States Code, or the rules and regulations of the United States Patent and Trademark Office.

**THIRD AFFIRMATIVE DEFENSE**

NuCurrent's claims are barred in whole or in part by reason of estoppel. NuCurrent is estopped from construing any valid claim of the Patents-in-Suit to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Sariana in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Patents-in-Suit or any related patents, because disclosure or language in the specification of any Patent-in-Suit, and/or because of limitations in the claims of the Patents-in-Suit.

**FOURTH AFFIRMATIVE DEFENSE**

NuCurrent is barred in whole or in part from recovering damages under 35 U.S.C. §§ 286, 287, and/or 288.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that NuCurrent and/or any predecessors in interest or any licensees to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Sariana's actions allegedly infringe the Patents-in-Suit, Sariana is not liable to NuCurrent for the acts alleged to have been performed before Sariana received actual notice that the Accused Products were allegedly infringing the Patents-in-Suit.

**SIXTH AFFIRMATIVE DEFENSE**

NuCurrent's claims are barred, in whole or in part, by equitable doctrines, including, but not limited to, waiver, estoppel, acquiescence, patent misuse, laches, and/or unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that NuCurrent alleges that Sariana infringes the Patents-in-Suit by equivalents, NuCurrent's claims for relief are barred, in whole or in part, by ensnaring the prior art.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that any sales of Accused Products, or components thereof, were authorized by NuCurrent or a predecessor or licensee of NuCurrent, NuCurrent's claims are precluded pursuant to the doctrine of express or implied license. NuCurrent's claims of patent infringement are also barred to the extent that NuCurrent has exhausted its rights and remedies as to the alleged infringement.

**NINTH AFFIRMATIVE DEFENSE**

NuCurrent's Complaint fails to state a claim upon which relief may be granted.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

**ELEVENTH AFFIRMATIVE DEFENSE**

NuCurrent's claims that Sariana indirectly infringes the Patents-in-Suit either contributorily or by inducement, are barred, in whole or in part, because Sariana is not liable to Plaintiff for the allegedly infringing acts for any time periods during which Sariana did not know of the Patents-in-Suit and/or did not have the specific intent to cause infringement of the Patents-in-Suit and/or otherwise did not know that its actions would constitute indirect infringement. In addition, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the Patents-in-Suit.

**TWELFTH AFFIRMATIVE DEFENSE**

Sariana has not willfully or deliberately infringed any claim of the Asserted Patents.

**THIRTEENTH AFFIRMATIVE DEFENSE**

NuCurrent purports to grant licenses to some entities under each of the Patents-in-Suit on reasonable, and nondiscriminatory ("RAND") terms and conditions. Under its RAND obligations, NuCurrent is obligated to offer a license to its RAND-encumbered patents on reasonable, and non-discriminatory terms and conditions. In addition, as a third-party beneficiary to those RAND obligations, Sariana has the right to be granted a license on RAND terms to the Patents-in-Suit. NuCurrent has failed to do so. NuCurrent's failure to comply with its RAND obligations limit or bar the damages, if any, available to Plaintiff in this action.

**RESERVATION OF ALL DEFENSES**

Sariana hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

**SARIANA'S COUNTERCLAIMS**

For its counterclaims against NuCurrent, Inc. ("NuCurrent"), Counterclaim Plaintiff Sariana LLC ("Sariana"), alleges as follows:

**PARTIES**

1. Counterclaim Plaintiff Sariana is a California limited liability company with its principal place of business at 7365 Mission Gorge Road, Suite G, San Diego, CA 92120.

2. Upon information and belief based solely on Paragraph 1 of the Complaint, Counterclaim Defendant NuCurrent is a corporation organized under the laws of Illinois, with an office at 641 Lake St., Suite 304, Chicago, IL 60661.

**JURISDICTION AND VENUE**

3. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). This matter presents an actual case or controversy and serves the purpose of resolving the legal rights of the parties.

5. NuCurrent, having availed itself of this Court's jurisdiction by filing the Complaint, is subject to personal jurisdiction and venue pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400 (b) in this district.

**COUNT I: DECLARATION OF INVALIDITY OF THE U.S. PATENT NO. 12,184,084**

6. Sariana realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

7. Due to NuCurrent's filing of the Complaint, an actual controversy exists between Sariana and NuCurrent as to the validity of the '084 Patent.

8. The claims of the '084 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

9. By way of example and without limitation, claims of the '084 Patent are invalid based on, for instance, one or more of U.S. Patent Nos. 10,454,309; 10,637,295; 10,536,035; 10,608,475; U.S. Pat. App. 2017/0085133; Apple MagSafe; and Qi Standard versions 1.2.3 and earlier.

10. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Sariana requests a judicial determination and declaration that the claims of the ’084 Patent are invalid.

**COUNT II: DECLARATION OF INVALIDITY OF THE U.S. PATENT NO. 12,272,970**

11. Sariana realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

12. Due to NuCurrent’s filing of the Complaint, an actual controversy exists between Sariana and NuCurrent as to the validity of the ’970 Patent.

13. The claims of the ’970 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

14. By way of example and without limitation, claims of the ’970 Patent are invalid based on, for instance, one or more of U.S. Patent Nos. 10,205,351; 11,038,376; 10,978,246; 9,508,487; Apple MagSafe; and Qi Standard versions 1.2.3 and earlier.

15. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Sariana requests a judicial determination and declaration that the claims of the ’970 Patent are invalid.

**COUNT III: DECLARATION OF NON-INFRINGEMENT OF THE ’084 PATENT**

16. Sariana realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

17. NuCurrent claims to own all rights, title, and interest in and to the ’084 Patent.

18. NuCurrent has accused Sariana of infringing the ’084 Patent by making, using, and/or offering for sale in the United States, and/or importing into

the United States, without authority, at least the Satechi 3-in-1 Foldable Qi2 Wireless Charging Stand, Satechi Qi2 Trio Wireless Charging Pad, Satechi 2-in-1 Foldable Qi2 Wireless Charging Stand, and Satechi Qi2 Wireless Car Charger.

19. Absent a declaration that Sariana does not infringe the ’084 Patent, NuCurrent will continue to wrongfully assert the ’084 Patent against Sariana and therefore cause Sariana irreparable harm and injury.

20. By way of example and without limitation, the Accused Products do not infringe claim 1 of the ’084 Patent at least because they do not contain “a capacitor circuit that comprises a bank of two or more capacitors and is operable to (i) receive the first AC signal, (ii) receive a second control signal that indicates a configuration state of the bank of two or more capacitors, (iii) configure the bank of two or more capacitors in accordance with the second control signal, and (iv) tune the first AC signal with the bank of two or more capacitors and thereby produce a second AC signal.”

21. A substantial, immediate, and real controversy, therefore, exists between Counterclaim Plaintiff Sariana and Counterclaim Defendant NuCurrent as to whether Sariana infringes the ’084 Patent.

22. Based on the foregoing, Sariana requests declaratory judgment from the Court that Sariana does not directly or indirectly, literally or under the doctrine of equivalents, infringe any claim of the ’084 Patent.

**COUNT IV: DECLARATION OF NON-INFRINGEMENT OF THE ’970 PATENT**

23. Sariana realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

24. NuCurrent claims to own all rights, title, and interest in and to the ’970 Patent.

25. NuCurrent has accused Sariana of infringing the ’970 Patent by making, using, and/or offering for sale in the United States, and/or importing into the United States, without authority, at least the Satechi 3-in-1 Foldable Qi2 Wireless Charging Stand, Satechi Qi2 Trio Wireless Charging Pad, Satechi 2-in-1 Foldable Qi2 Wireless Charging Stand, and Satechi Qi2 Wireless Car Charger.

26. Absent a declaration that Sariana does not infringe the ’970 Patent, NuCurrent will continue to wrongfully assert the ’970 Patent against Sariana and therefore cause Sariana irreparable harm and injury.

27. By way of example and without limitation, the Accused Products do not infringe claim 1 of the ’970 Patent at least because they do not contain “executable code stored on the at least one non-transitory machine-readable medium that, when executed by the at least one processor, causes the at least one controller to: send, to the external power supply, a request that the external power supply change the configurable voltage level of the supply voltage signal from a first voltage level to a second voltage level; detect that the external power supply has changed the configurable voltage level of the supply voltage signal from the first voltage level to the second voltage level; and after detecting that the external power supply has changed the configurable voltage level of the supply voltage signal from the first voltage level to the second voltage level, cause the configurable frequency of the drive signal to be changed from a first frequency to a second frequency.”

28. A substantial, immediate, and real controversy, therefore, exists between Counterclaim Plaintiff Sariana and Counterclaim Defendant NuCurrent as to whether Sariana infringes the ’970 Patent.

29. Based on the foregoing, Sariana requests declaratory judgment from the Court that Sariana does not directly or indirectly, literally or under the doctrine of equivalents, infringe any claim of the ’970 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Sariana asks this Court to enter judgment in Sariana's favor and against NuCurrent by granting the following relief:

a) A judgment for Sariana and against NuCurrent;

b) A judgment dismissing NuCurrent's Complaint against Sariana with prejudice;

c) A judgment that NuCurrent take nothing on its claims;

d) A declaration that Sariana has not infringed or induced others to infringe, either directly or indirectly, any claims of the Patents-in-Suit;

e) A declaration that the claims of the Patents-in-Suit are invalid;

f) A judgment that this case is exceptional under 35 U.S.C. § 285 and awarding Counterclaim Plaintiff Sariana its costs and reasonable attorney's fees; and;

g) All other and further relief that the Court deems just and proper.

## JURY DEMAND

Sariana hereby demands trial by jury on all issues.

Dated: June 2, 2025 Respectfully submitted,

By: */s/ Madelyn McCormick*

Madelyn McCormick (SBN 320063)
mmccormick@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Aaron P. Pirouznia (*pro hac vice*)
pirouznia@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Counsel for Defendant
SARIANA LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the above and foregoing document via the Court's CM/ECF system per Local Rule 5-1(h)(1). Any other counsel of record will be served by U.S. Mail or hand delivery.

/s/ *Madelyn McCormick*
Madelyn McCormick