Gregory Markow (State Bar No. 216748)
gmarkow@cgs3.com
Crosbie Gliner Schiffman Southard & Swanson LLP (CGS3)
12750 High Bluff Dr., Suite 250
San Diego, California 92130
Telephone: (858) 367-7676

David Berten (IL Bar # 6200898) (to be admitted *Pro Hac Vice)*
dberten@giplg.com
Alison Aubry Richards (IL Bar # 6285669) (to be admitted *Pro Hac Vice)*
arichards@giplg.com
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
Telephone: (312) 241-1500

*Attorneys for Plaintiff NuCurrent, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUCURRENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SARIANA LLC<br>(Satechi)<br><br>Defendant. | Case No. 3:25-cv-00912-DMS-VET<br><br>**PLAINTIFF NUCURRENT, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

Plaintiff NuCurrent, Inc. ("NuCurrent") submits the following response to the Counterclaims of Defendant Sariana LLC (Dkt. 13).

**SARIANA'S COUNTERCLAIMS**

**THE PARTIES**

1. Counterclaim Plaintiff Sariana is a California limited liability company with its principal place of business at 7365 Mission Gorge Road, Suite G, San Diego, CA 92120.

**Response:** Admitted.

2. Upon information and belief based solely on Paragraph 1 of the Complaint, Counterclaim Defendant NuCurrent is a corporation organized under the laws of Illinois, with an office at 641 Lake St., Suite 304, Chicago, IL 60661.

**Response:** Admitted.

**JURISDICTION AND VENUE**

3. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**Response:** Admitted.

4. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). This matter presents an actual case or controversy and serves the purpose of resolving the legal rights of the parties.

**Response:** Admitted.

5. NuCurrent, having availed itself of this Court's jurisdiction by filing the Complaint, is subject to personal jurisdiction and venue pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400 (b) in this district.

**Response:** NuCurrent admis that it is subject to personal jurisdiction and venue in this Court for this matter only.

**COUNT I: DECLARATION OF INVALIDITY OF THE U.S. PATENT NO. 12,184,084**

6. Sariana realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

**Response:** NuCurrent incorporates its responses to paragraphs 1-5 above. Otherwise denied.

7. Due to NuCurrent's filing of the Complaint, an actual controversy exists between Sariana and NuCurrent as to the validity of the '084 Patent.

**Response:** NuCurrent admits that Sariana states in its Counterclaim that the there is a controversy about the validity of the '084 Patent. Otherwise, denied.

8. The claims of the '084 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

**Response**: Denied.

9. By way of example and without limitation, claims of the '084 Patent are invalid based on, for instance, one or more of U.S. Patent Nos. 10,454,309; 10,637,295; 10,536,035; 10,608,475; U.S. Pat. App. 2017/0085133; Apple MagSafe; and Qi Standard versions 1.2.3 and earlier.

**Response**: Denied.

10. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Sariana requests a judicial determination and declaration that the claims of the '084 Patent are invalid.

**Response**: Admitted that Sariana seeks a legal determination, otherwise, denied.

**COUNT II: DECLARATION OF INVALIDITY OF THE U.S. PATENT NO. 12,272,970**

11. Sariana realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

**Response:** NuCurrent incorporates its responses to paragraphs 1-10 above. Otherwise

denied.

12. Due to NuCurrent's filing of the Complaint, an actual controversy exists between Sariana and NuCurrent as to the validity of the '970 Patent.

**Response:** NuCurrent admits that Sariana states in its Counterclaim that the there is a controversy about the validity of the '084 Patent. Otherwise, denied.

13. The claims of the '970 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

**Response:** Denied.

14. By way of example and without limitation, claims of the '970 Patent are invalid based on, for instance, one or more of U.S. Patent Nos. 10,205,351; 11,038,376; 10,978,246; 9,508,487; Apple MagSafe; and Qi Standard versions 1.2.3 and earlier.

**Response:** Denied.

15. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Sariana requests a judicial determination and declaration that the claims of the '970 Patent are invalid.

**Response:** Admitted that Sariana seeks a legal determination, otherwise, denied.

**COUNT III: DECLARATION OF NON-INFRINGEMENT OF THE '084 PATENT**

16. Sariana realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

**Response:** NuCurrent incorporates its responses to paragraphs 1-15 above. Otherwise, denied.

17. NuCurrent claims to own all rights, title, and interest in and to the '084 Patent.

**Response**: Admitted.

18. NuCurrent has accused Sariana of infringing the '084 Patent by making, using, and/or

offering for sale in the United States, and/or importing into the United States, without authority, at least the Satechi 3-in-1 Foldable Qi2 Wireless Charging Stand, Satechi Qi2 Trio Wireless Charging Pad, Satechi 2-in-1 Foldable Qi2 Wireless Charging Stand, and Satechi Qi2 Wireless Car Charger.

**Response:** Admitted that NuCurrent's Complaint states that Sariana's Qi2 products infringe NuCurrent's '084 patent claims.

19. Absent a declaration that Sariana does not infringe the '084 Patent, NuCurrent will continue to wrongfully assert the '084 Patent against Sariana and therefore cause Sariana irreparable harm and injury.

**Response:** Denied.

20. By way of example and without limitation, the Accused Products do not infringe claim 1 of the '084 Patent at least because they do not contain "a capacitor circuit that comprises a bank of two or more capacitors and is operable to (i) receive the first AC signal, (ii) receive a second control signal that indicates a configuration state of the bank of two or more capacitors, (iii) configure the bank of two or more capacitors in accordance with the second control signal, and (iv) tune the first AC signal with the bank of two or more capacitors and thereby produce a second AC signal."

**Response:** Denied.

21. A substantial, immediate, and real controversy, therefore, exists between Counterclaim Plaintiff Sariana and Counterclaim Defendant NuCurrent as to whether Sariana infringes the '084 Patent.

**Response:** Admitted that Sariana states that it does not infringe, otherwise denied.

22. Based on the foregoing, Sariana requests declaratory judgment from the Court that Sariana does not directly or indirectly, literally or under the doctrine of equivalents, infringe any claim of the '084 Patent.

**Response:** Admitted that Sariana seeks a declaratory judgment, otherwise denied.

**COUNT IV: DECLARATION OF NON-INFRINGEMENT OF THE ’970 PATENT**

23. Sariana realleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

**Response:** NuCurrent incorporates its responses to paragraphs 1-22 above. Otherwise, denied.

24. NuCurrent claims to own all rights, title, and interest in and to the ’970 Patent.

**Response:** Admitted.

25. NuCurrent has accused Sariana of infringing the ’970 Patent by making, using, and/or offering for sale in the United States, and/or importing into the United States, without authority, at least the Satechi 3-in-1 Foldable Qi2 Wireless Charging Stand, Satechi Qi2 Trio Wireless Charging Pad, Satechi 2-in-1 Foldable Qi2 Wireless Charging Stand, and Satechi Qi2 Wireless Car Charger.

**Response:** Admitted that NuCurrent’s Complaint states that Sariana’s Qi2 products infringe NuCurrent’s ‘970 patent claims.

26. Absent a declaration that Sariana does not infringe the ’970 Patent, NuCurrent will continue to wrongfully assert the ’970 Patent against Sariana and therefore cause Sariana irreparable harm and injury.

**Response:** Denied.

27. By way of example and without limitation, the Accused Products do not infringe claim 1 of the ’970 Patent at least because they do not contain “executable code stored on the at least one non-transitory machine-readable medium that, when executed by the at least one processor, causes the at least one controller to: send, to the external power supply, a request that the external power supply change the configurable voltage level of the supply voltage signal from a first voltage level to a second voltage level; detect that the external power supply has changed the configurable voltage level of the supply voltage signal from the first voltage level to the second voltage level; and after detecting that the

external power supply has changed the configurable voltage level of the supply voltage signal from the first voltage level to the second voltage level, cause the configurable frequency of the drive signal to be changed from a first frequency to a second frequency."

**Response:** Denied.

28. A substantial, immediate, and real controversy, therefore, exists between Counterclaim Plaintiff Sariana and Counterclaim Defendant NuCurrent as to whether Sariana infringes the '970 Patent.

**Response:** Admitted that Sariana states that it does not infringe, otherwise denied.

29. Based on the foregoing, Sariana requests declaratory judgment from the Court that Sariana does not directly or indirectly, literally or under the doctrine of equivalents, infringe any claim of the '970 Patent.

**Response:** Admitted that Sariana seeks a declaratory judgment, otherwise denied.

## PRAYER FOR RELIEF

All of the relief that Defendant has requested should be denied.

## JURY DEMAND

Defendant's requested jury demand should be denied.

Dated: June 5, 2025

Respectfully submitted,

*/s/ Gregory Markow*

Gregory Markow (State Bar No. 216748)
gmarkow@cgs3.com
Crosbie Gliner Schiffman Southard & Swanson LLP (CGS3)
12750 High Bluff Dr., Suite 250
San Diego, California 92130
Telephone: (858) 367-7676

David Berten
IL Bar # 6200898

dberten@giplg.com
Alison Aubry Richards
IL Bar # 6285669
arichards@giplg.com
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
Telephone: (312) 241-1500

*Attorneys for Plaintiff NuCurrent, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with CivLR 5.2 and 5.4(c). Therefore, this document was served on all counsel who are deemed to have consented to electronic service CivLR 5.4(d). Pursuant to Fed. R. Civ. P. 5(d) and CivLR 5.2, 5.4(c) and(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by electronic service.

/s/ *Gregory Markow*
Gregory Markow